UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Respondent,<br><br>v.<br><br>KAREEN ANDERSON,<br><br>    Petitioner/Defendant. | Case No. 2:16-cr-00305-KJD-VCF<br>2:21-cv-2077-KJD<br><br>ORDER |

Presently before the Court is Petitioner Kareen Anderson's Motion Pursuant to § 2255 to Vacate, Set Aside or Correct Sentence (#320). The Government filed a response in opposition (#329).

**I.  BACKGROUND**

On February 5, 2020, Anderson was convicted of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(viii). (ECF Nos. 293 (minutes); 295 (judgment)). Anderson, who represented himself at the time, pled guilty pursuant to a plea agreement. (ECF Nos. 228 (plea agreement), 307 (transcript of guilty plea proceeding)). The offense involved approximately ten ounces of methamphetamine over the course of three separate sales. (ECF No. 228 at 4.) The Court sentenced Anderson to 121 months' imprisonment. (ECF No. 295.)

On February 13, 2020, Anderson filed a notice of appeal. (ECF No. 297.) On December 15, 2020, the Ninth Circuit dismissed Anderson's appeal "in light of the valid appeal waiver" in his plea agreement. (ECF No. 312 (order granting government's motion to dismiss appeal)). On November 19, 2021, Anderson filed the present motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. (ECF No. 320.) Even though Anderson represented himself when he

entered his guilty plea, his motion alleges ineffective assistance of counsel in connection with his plea agreement and guilty plea. (*Id*. at 4.) He also argues that counsel appointed to represent him after he entered his guilty plea was ineffective concerning various sentencing matters. (*Id*. at 5-6, 8.) Finally, Anderson complains about the timing of discovery material he received before trial and accuses the Court of bias. (*Id*. at 9.)

## II.     STANDARD FOR A MOTION PURSUANT TO 28 U.S.C. § 2255

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed the sentence. United States v. Monreal, 301 F.3d 1127, 1130 (9th Cir. 2002). Section 2255 provides four grounds upon which a sentencing court may grant relief to a federal prisoner: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); see also Davis v. United States, 417 U.S. 333, 344–45 (1974); Monreal, 301 F.3d at 1130; United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999).

To warrant the granting of relief, the movant must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); see also United States v. Montalvo, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that Brecht's harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254."). Such relief is warranted only where a movant has shown "a fundamental defect which inherently results in a complete miscarriage of justice." Davis, 417 U.S. at 346; see also United States v. Gianelli, 543 F.3d 1178, 1184 (9th Cir. 2008).

Procedural Bar Doctrine

The general rule of the procedural bar doctrine is that claims that could have been, but were not, raised by the movant on direct appeal are not cognizable if presented in a § 2255 motion. See United States v. Frady, 456 U.S. 152 (1982) (a collateral challenge is not a substitute

for an appeal); Sunal v. Large, 332 U.S. 174 (1947) ("So far as convictions obtained in the federal courts are concerned, the general rule is that the writ of habeas corpus will not be allowed to do service for an appeal."); Unites States v. Dunham, 767 F.2d 1395, 1397 (9th Cir. 1985) ("Section 2255 is not designed to provide criminal defendants repeated opportunities to overturn their convictions on grounds which could have been raised on direct appeal."). "The procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Massaro v. United States, 538 U.S. 500, 504 (2003).

"[A] procedural default arising from the failure to exhaust may be excused if the petitioner 'can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.' " Manning v. Foster, 224 F.3d 1129, 1132–33 (9th Cir. 2000) (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)). "A fundamental miscarriage of justice occurs where a 'constitutional violation has probably resulted in the conviction of one who is actually innocent.' " Id. (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)). Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, "the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.' " Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted). This is because "habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.' " Id. at 621 (citation omitted). Accordingly, "most claims are procedurally defaulted by both federal and state prisoners in habeas proceedings when not raised on direct appeal, absent a showing of cause and prejudice or actual innocence." United States v. Braswell, 501 F.3d 1147, 1149 n.1 (9th Cir. 2007).

Relitigation Bar

It is also well-established that claims or arguments a defendant previously raised on direct appeal are not cognizable in a § 2255 motion. Davis, 417 U.S. at 342 (issues determined in a previous appeal are not cognizable in a § 2255 motion absent an intervening change in the law); United States v. Redd, 759 F.2d 699, 701 (9th Cir. 1985) (holding that claims previously

raised on appeal "cannot be the basis of a § 2255 motion"); United States v. Currie, 589 F.2d 993, 995 (9th Cir. 1979) ("Issues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding."); Egger v. United States, 509 F.2d 745, 748 (9th Cir. 1975) ("Issues raised at trial and considered on direct appeal are not subject to collateral attack under 28 U.S.C. § 2255.") (citing Clayton v. United States, 447 F.2d 476, 477 (9th Cir. 1971) (holding that the movant's "attempt to relitigate the legality of the search and seizure was properly rejected by the district court" because that contention had already been rejected on direct appeal)).

This bar against relitigating issues in a § 2255 proceeding is an application of the law of the case doctrine. See United States v. Jingles, 702 F.3d 494, 498 (9th Cir. 2012) ("A collateral attack is the 'same case' as the direct appeal proceedings for purposes of the law of the case doctrine."). "Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." Richardson v. United States, 841 F.2d 993, 996 (9th Cir. 1988). "When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition." United States v. Hayes, 231 F.3d 1132, 1139 (9th Cir. 2000) (concluding that "[i]t is the law of this case that the government did not violate its Brady obligation" where the defendant's Brady claims had already been expressly addressed and rejected on direct appeal).

III. ANALYSIS

**A. Ground 1 and 3, including any Claims Relating to Defendant's Plea Agreement and Guilty Plea**

Anderson faults his standby counsel for failing "to take time to visit or explain the plea in person, on the phone or by letter." (ECF No. 320 at 4.) Anderson claims he did not understand the "safety valve" condition of his plea agreement. (*Id.*) Anderson's decision to represent himself during plea negotiations and when he entered his guilty plea forecloses his claim: "a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'" Faretta v. California, 422 U.S. 806,

834 n.46 (1975).

By choosing to represent himself, Anderson was bound "to comply with the relevant rules of procedural and substantive law," <u>Faretta</u>, 422 U.S. at 834, n.46, and is foreclosed from claiming ineffective assistance of his standby counsel with respect to his plea agreement and guilty plea. See <u>United States v. Cochrane</u>, 985 F.2d 1027, 1029 (9th Cir. 1993) ("We reject as a matter of law his argument that because he made some use of the standby counsel appointed to assist him, we should lay Cochrane's errors at attorney Robinson's feet); <u>see</u> <u>also</u> <u>Williams v. Stewart</u>, 441 F.3d 1030, 1047, n.6 (9th Cir. 2006) ("Williams makes no free-standing claim [of] ineffectiveness assistance of counsel, nor could he. Having failed to show that his decision to represent himself was involuntary, Williams cannot claim that he was denied the effective assistance of counsel at trial").

Assuming Anderson had a Sixth Amendment right to effective standby counsel, he fails to establish either deficient performance by standby counsel or prejudice with respect to the "safety valve" provision in his plea agreement. During a hearing before the magistrate judge, where Anderson complained about his standby counsel, the court reiterated its earlier admonition to Anderson:

> You know, when we did the Faretta hearing, I know it was stressed to you that if you choose to represent yourself, you know, you have to represent yourself. The Court can't help you. You know, no one can help you.

(ECF No. 175 at 16.)

Later, when Anderson pled guilty, the Court asked Anderson about his understanding of the plea agreement with the Government:

> THE COURT: Okay. My understanding, you have entered into a plea agreement. Is that correct?
>
> DEFENDANT ANDERSON: Yes, sir.
>
> THE COURT: Before you signed the document, did you read it?
>
> DEFENDANT ANDERSON: Yes, sir.
>
> THE COURT: Did you discuss it with standby counsel?
>
> DEFENDANT ANDERSON: I did so, yes.

- 5 -

>THE COURT: Are you satisfied that everything that's inducing you to plead guilty is included in writing in the plea agreement itself?
>
>DEFENDANT ANDERSON: I am.

(ECF No. 307 at 11.)

The plea agreement Anderson negotiated with the government contained a "safety valve" provision under U.S.S.G. § 5C1.2. (ECF No. 228 at 5.) Anderson unequivocally assured the Court that he was familiar with the guidelines and had considered how they might apply to his case. (ECF No. 307 at 14.) Moreover, when Anderson entered his guilty plea, he explicitly told the Court he understood that if he did "not qualify for the safety valve, then the ten-year mandatory minimum would apply." (*Id.*)

Anderson's claim that he did not understand the plea agreement and the safety valve is contradicted by the record. Accordingly, even if the ineffectiveness claims were cognizable, they lack merit. Anderson also fails to establish that he suffered any prejudice because he does not contend that he would not have pleaded guilty but for his claimed misunderstanding of the plea agreement and the safety valve. He merely argues that if he had "a true understanding" of the safety valve he could have "amend[ed] the plea before sentencing or established a First Step Act basis for the safety valve." (ECF No. 320 at 4.) Anderson's claim is the type of "vague and conclusory allegation[] that warrant[s] summary dismissal[.]" Shah v. United States, 878 F.2d 1156, 1161 (9th Cir. 1989). Thus, the Court denies Ground 1 and any claim in his motion that asserts that he received ineffective assistance during plea negotiations, in the plea agreement, or during his proffer.

**B.      Ground 2 and 3 Ineffective Assistance of Sentencing Counsel**

After pleading guilty, ECF No. 227, Anderson invoked his right to counsel, ECF No. 234, and the Court appointed counsel for Anderson for sentencing purposes. (ECF No. 240.) Anderson argues his sentencing counsel was ineffective for not citing and objecting to sentencing disparities with his co-conspirators. (ECF No. 320 at 5-6.) However, Anderson did not qualify for the safety valve or acceptance of responsibility under the sentencing guidelines, which significantly increased his guideline range and exposed him to a minimum mandatory ten-year sentence. (ECF

No. 299 at 23, 33 (sentencing transcript); PSR ¶ 95; 21 U.S.C. § 841(b)(1)(A)(viii); see also United States v. Corona-Verbera, 509 F.3d 1105, 1120 (9th Cir. 2007) (acceptance of responsibility is a justifiable basis for sentencing disparity)).

The sentencing transcript shows that Anderson's unwillingness to proffer with the Government and his repudiation of the charges after pleading guilty exposed him to adverse statutory and guideline sentencing provisions. (ECF No. 299 at 33.) Notwithstanding the obstacles Anderson created, the sentencing hearing transcript shows that his counsel vigorously pursued both the safety valve and acceptance of responsibility on Anderson's behalf. (*Id.* at 12-23; 32 (where the Court observed that "[Anderson has] gone through many, many very good attorneys, top attorneys, including yourself, and hasn't heeded their advice")).

The sentencing statute § 3553(a)(6) directs the district court to avoid only "unwarranted" disparities. 18 U.S. C. § 3553(a)(6). A sentencing disparity grounded in another defendant's acceptance of responsibility and assistance to the prosecution is not "unwarranted." Moreover, "the need to avoid unwarranted sentencing disparities is only one factor a district court is to consider in imposing a sentence." United States v. Marcial–Santiago, 447 F.3d 715, 719 (9th Cir. 2006).

Anderson also complains that his counsel failed to argue that he was innocent of distributing methamphetamine and failed to challenge the amount of methamphetamine involved in the conspiracy. (ECF No. 320 at 8.) The plea agreement—which Anderson himself negotiated—squarely contradicts his claim of innocence. In his plea agreement, Anderson admitted either negotiating the sale of, or actually selling, methamphetamine on three separate occasions. (ECF No. 228 at 4.) Moreover, the factual recitation in Anderson's plea agreement explicitly specified that "at least 150 grams but less than 500 grams of actual methamphetamine [was] reasonably foreseeable to the defendant." (*Id.*) That admission forecloses his claim of factual innocence and undermines any claim of deficient performance.

The sentencing hearing transcript contradicts Anderson's claim that his counsel failed to advise him before sentencing of revisions made to his PSR. At sentencing, the Court asked whether counsel had read the revised PSR and discussed the revisions with Anderson. (ECF No. 299 at 4.)

1   Thereafter, Anderson's counsel told the Court that "[t]he changes in that PSI reflect only the
2   government's representations to probation removing the safety valve and acceptance points, which
3   I have explained to Mr. Anderson." (*Id.*) Prior to the sentencing hearing, Anderson's counsel filed
4   written objections challenging the PSR's proposal to deny Anderson safety valve and acceptance
5   of responsibility reductions. (ECF No. 292.) Thus, Anderson's claim that he was unaware of the
6   revised PSR strains credulity. Regardless, Anderson cannot demonstrate deficient performance
7   because his counsel diligently and zealously advocated on his behalf with respect to the safety
8   valve and acceptance of responsibility, and cannot demonstrate prejudice because he does not offer
9   grounds to establish his eligibility for safety valve or acceptance of responsibility adjustments.

Accordingly, the Court denies Ground Two and Three of Defendant's motion asserting ineffective assistance of sentencing counsel based on failure to argue sentencing disparities, inform Defendant of changes to the PSR, and failure to object to changes to the PSR (particularly to removal of the safety valve and acceptance of responsibility reductions).

### C. Collateral Attack Waiver Bars Defendant's Remaining Claims (Ground 4)

"A defendant's waiver of his rights to appeal and to bring a collateral attack is generally enforced if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." Davies v. Benov, 856 F.3d 1243, 1246 (9th Cir. 2017). When Anderson pled guilty, he agreed not to appeal or collaterally attack his conviction or sentence, except for claims of ineffective assistance of counsel.[1] (ECF No. 228 at 10.) As a result, the waiver provision in Anderson's plea agreement bars his complaints about the timing of discovery he received before trial and his allegations that the Court was biased against him. (ECF No. 320 at 9.)

### D. Certificate of Appealability

To appeal this order, Anderson must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1 (a). To obtain that certificate, he "must

---

[1] Despite the appellate waiver in his plea agreement, Anderson filed a direct appeal after this Court imposed sentence. (ECF No. 297.) However, the Ninth Circuit dismissed Anderson's appeal without addressing the merits in view of "the valid appeal waiver" in his plea agreement. (ECF No. 312.)

make a substantial showing of the denial of a constitutional right, a demonstration that ... includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (quotation omitted). This standard is "lenient." Hayward v. Marshall, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).

However, Defendant raises ineffective assistance of counsel claims based on the negotiation of his plea agreement and his plea of guilty during which he represented himself. Further, he filed a direct appeal of issues that he had waived and agreed not to appeal. Further, his claims are belied by the record. In other words, Defendant has not demonstrated that a reasonable jurist could even debate about whether Anderson suffered a denial of a constitutional right. Accordingly, the Court denies Anderson a certificate of appealability.

**IV.   CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion Pursuant to § 2255 to Vacate, Set Aside or Correct Sentence (ECF No. 320) is **DENIED**;

IT IS FURTHER ORDERED that Defendant's Motion for Status Check (ECF No. 325) is **DENIED as moot**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Respondent and against Petitioner in the corresponding civil action, 2:21-cv-2077-KJD, and close that case;

IT IS FINALLY ORDERED that Defendant is **DENIED** a Certificate of Appealability.

DATED: March 31, 2025

Kent J. Dawson
United States District Judge